JOSEPH H. HARRINGTON
Acting United States Attorney
Tyler H.L. Tornabene
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

In Re the Matter of:

R.J.M's Petition to Stay Civil Investigative Demand No. 17-10 Directed to R.J.M., Under 31 U.S.C. §§ 3729-3733

United States' Response to Petitioner's Motion to Seal

No. 4:17-mc-1-MKD

## **RESPONSE TO PETITIONER'S MOTION TO SEAL**

The United States files the following response to Petitioner's Motion to Seal Matter (ECF No. 2) and to the Court's June 19, 2017 Order, which denied the motion in part, made the case caption available on the public docket, and ordered the United States "to address whether any specific pleading/filing . . . should be filed under seal." (ECF No. 7.) As explained further below, the United States submits that Petitioner's Motion to Stay Deposition and Reply, with their respective attachments (ECF Nos. 1, 6); the United States' Response and its attachments (ECF No. 5); the transcript of the telephonic hearing; and the court's June 22, 2017 Order on the Petition to Stay Deposition (ECF No. 8) should all remain under seal at this time.[1]

---

[1] The Motion to Seal Matter (ECF No. 2), the Court's June 9, 2017 Order scheduling briefing and a hearing on the Motion to Stay Matter (ECF No. 3), and the Court's June

United States' Response to Petitioner's Motion to Seal- 1

The United States requests that the Court maintain the seal on filings referencing the subject matter and purported conduct of the ongoing parallel criminal and civil investigations or referencing third parties not involved in the instant proceeding. Specifically, Petitioner's Motion to Stay Deposition and Reply, as well as the United States' Response describe the subject of the ongoing investigations. (*See, e.g.*, ECF No. 1 at 1-2, Att. A (CID for Oral Testimony of R.J.M.), Att. B; ECF No. 5 at 2, 5; ECF No. 6 at 1-2, 6, 10). Further, the United States notes that, in particular, Attachments 7 and 8 are sensitive communications with prosecutors made in connection with the ongoing criminal investigation and should be kept under seal so as to not impair that investigation. (ECF No. 5 Att. 7; *id.* Att. 8). Those communications contain information concerning the subject of ongoing criminal and civil investigations and should be kept under seal to not compromise the investigative process or otherwise hinder the progress of these investigations. Moreover, Petitioner's Motion and Reply similarly purport to discuss the status and/or progress of those investigations. (*See, e.g.*, ECF No. 1 at 9-10; ECF No. 6 at 4-5). Particularly since the status of the civil investigation has not been shared with counsel for Petitioner, it would not be prudent or fair to other individuals or entities potentially impacted by the investigations for such speculation about the status to be made public.

The parties' pleadings and attachments also discuss third parties involved in the investigation. (*See, e.g.*, ECF No. 1 at 2, 3, 4, Att. A, Att. B; ECF. No. 5 at 5, 6, Att. 1, Att. 2, Att. 3). Discussion of these third parties, if made public at this point, could hinder the ongoing civil and criminal investigative efforts, as well as be unfair to third parties about whom and which decisions regarding potential civil and criminal

---

22, 2017 Order on the Motion to Stay Matter (ECF No. 7) do not reference the subject of, nor third parties involved in, the ongoing criminal and civil investigations. Therefore, the United States does not request that these documents remain under seal.

United States' Response to Petitioner's Motion to Seal- 2

liability have not yet been made. Therefore, these filings should remain under seal at this time.

The subject matter of the investigation, third party involvement, and substantive communications in connection with the criminal investigation were also discussed during the Court's June 12, 2017, hearing, and therefore the transcript of those proceedings should be under seal as well. The Court's June 22, 2017, Order also references third parties and substantive communications with criminal prosecutors, though to a lesser degree than the other filings identified above. (*See* ECF No. 8 at 4-6). For these reasons, Petitioner's Motion to Stay Deposition and Reply, with their respective attachments; the United States' Response and its attachments; the transcript of the telephonic hearing; and the Court's June 22, 2017, Order on the Petition to Stay Deposition, should remain under seal at this time. (*See* ECF Nos. 1, 5, 6, 8).

If the Court should rule that any of the above-identified filings should not remain under seal in their entirety, the United States requests the opportunity to submit proposed redactions of substantive communications with the criminal investigation team, information regarding third parties, and discussion of the ongoing investigations, so as not to compromise the civil and/or criminal investigations. The pleadings and attachments filed by the parties and the transcript of the hearing would require heavy redaction. In contrast, the Court's June 22, 2017 Order on the Motion to Stay Deposition would require minimal redaction to remove this sensitive information.[2]

//

---

[2] The sensitive information subject to redaction appears on pages 4-6 of the Court's June 22, 2017 Order. *See* ECF No. 8 at 4 (quoting communications between criminal investigation and R.J.M.); *id.* at 5 (describing substance of communications between criminal investigation and R.J.M.) *id.* at 6 (reference to third party); *id.* at 6 n.3 (quoting communications between criminal investigation and R.J.M.).

United States' Response to Petitioner's Motion to Seal- 3

## **CONCLUSION**

For the foregoing reasons, the United States requests that ECF Nos. 1, 5, 6, 8, and the hearing transcript be kept under seal at this time; alternatively, the United States requests permission to propose appropriate redactions.

RESPECTFULLY SUBMITTED: June 23, 2017.

JOSEPH H. HARRINGTON
Acting United States Attorney

*s/Tyler H.L. Tornabene*
TYLER H.L. TORNABENE
Assistant United States Attorney
Attorneys for Defendant United States

United States' Response to Petitioner's Motion to Seal- 4

## *CERTIFICATE OF SERVICE*

I hereby certify that on June 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter Offenbecher:   POffenbecher@skellengerbender.com

                              *s/Tyler H.L. Tornabene*
                              Assistant United States Attorney

United States' Response to Petitioner's Motion to Seal- 5